IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| B.H., a minor, by and through his guardian ANGELA HOGAN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>       Defendant. | Case No. 1:21-cv-3169 |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Amazon.com, Inc. ("Amazon"), through counsel, hereby removes this case from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division. In support of removal, Amazon states as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

**STATE COURT ACTION**

3. On May 12, 2021, Plaintiff B.H., a minor, by and through his guardian, Angela Hogan ("Plaintiff"), filed a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2021-CH-02330), alleging that Amazon violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. *See* **Exhibit A**, attached hereto.

4. Plaintiff brings this action for "statutory and actual damages" as a result of Amazon's alleged "violations of BIPA." *Id.* ¶ 15. Plaintiff alleges Amazon violated BIPA by: (a) "not properly develop[ing] a publicly available written policy governing the retention of biometric identifiers and information" and "improperly retaining" Plaintiff's biometric information in alleged violation of BIPA Section 15(a), *id.* ¶¶ 92–93; (b) collecting Plaintiff's biometric information without providing the requisite notice and obtaining Plaintiff's written release, in alleged violation of BIPA Section 15(b), *id.* ¶¶ 98–99; and (c) "profit[ing] from [Plaintiff's] biometric identifiers and information by using that biometric data to train its Rekognition technology, which Amazon marketed and sold to businesses, governmental entities, and other organizations," in alleged violation of BIPA Section 15(c), *id.* ¶ 104. Plaintiff also asserts an unjust enrichment claim, alleging Amazon "profited from Plaintiff's . . . biometric identifiers and information and did not provide full compensation for the benefit received." *Id.* ¶ 110.

5. Plaintiff requests, on behalf of himself and the class, an order awarding: injunctive relief by requiring Amazon to comply with Plaintiff's interpretation of BIPA, *id.* ¶ 116(d); statutory damages of $5,000 for each intentional or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), *id.* ¶ 116(c); statutory damages of $1,000 for each negligent violation of BIPA,

pursuant to 740 ILCS 14/20(1), *id.*; and reasonable litigation expenses and attorneys' fees, *id.* ¶ 116(e).

6. On May 18, 2021, Plaintiff served a copy of the Class Action Complaint and Summons on Amazon. *See* Exhibit A.

7. No further proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (Cook County Clerk of the Circuit Court, Electronic Docket Search, Case Information Summary for Case Number 2021-CH-02330 (June 11, 2021)).

## TIMELINESS

8. Removal is timely because Amazon filed this Notice within thirty days of service of the Class Action Complaint, which occurred on May 18, 2021. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

9. This Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million. No exception to CAFA jurisdiction applies.

### CLASS SIZE

10. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll Illinois citizens who, while residing in the state of Illinois, had their biometric identifiers, including scans of facial geometry and related biometric information, collected, captured, received, or otherwise obtained by Amazon from photographs uploaded to another person's Amazon Photos account." Exhibit A ¶ 78.

11. Plaintiff alleges that "Class Members number in the tens or hundreds of thousands." *Id.* ¶ 80. Solely for the purposes of removal, and without conceding that Plaintiff or the class is entitled to any relief, Amazon assumes Plaintiff's allegation that the proposed class includes "tens

3

or hundreds of thousands" of members is true. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

## MINIMAL DIVERSITY OF CITIZENSHIP

12. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff is a resident and citizen of Illinois. Exhibit A ¶ 13.

14. Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. *Id.* ¶ 14. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Amazon is a citizen of Delaware and Washington for diversity purposes.

15. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

## AMOUNT IN CONTROVERSY

16. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

17. To demonstrate that the amount in controversy requirement is met, Amazon need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v.*

*Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

18. Amazon denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class is entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

19. Plaintiff alleges "intentional or reckless" violations of BIPA, *e.g.*, Ex. A ¶ 116(c), which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Based solely on the Class Action Complaint's allegations (which Amazon denies), and assuming an aggregate class size of only 10,000 members (far less than the class size of "tens or hundreds of thousands" alleged in the Class Action Complaint, *id*. ¶ 80), if each class member is entitled to recover $5,000, recovery of greater than $5 million is legally possible (*i.e.*, 10,000 class members x $5,000 statutory damages = $50 million).[1] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

---

[1] Amazon includes this amount in controversy based solely on the Class Action Complaint's allegations and does not concede Plaintiff's allegations are correct. Amazon also does not concede that Plaintiff's putative class is certifiable, or that class members can recover for three separate BIPA violations.

**ARTICLE III STANDING**

20. Standing exists under Article III of the U.S. Constitution for all of Plaintiff's BIPA claims.[2] <u>First</u>, standing exists for Plaintiff's Section 15(a) claim. In *Fox v. Dakkota Integrated Systems, LLC*, the Seventh Circuit held that a plaintiff alleges an injury in fact under Section 15(a) for standing purposes when the plaintiff alleges a defendant "violat[ed] the full range of its section 15(a) duties by failing to develop, publicly disclose, *and comply with* a data-retention schedule and guidelines for the permanent destruction of biometric data when the initial purpose for collection ends." 980 F.3d 1146, 1154 (7th Cir. 2020) (emphasis in original).

21. Here, Plaintiff alleges that Amazon has violated "the full range" of its duties under Section 15(a). *Id.* Plaintiff alleges that "Amazon violates § 15(a) the moment it obtains biometric identifiers and information of a non-account holder." Ex. A ¶ 62; *see id.* ("Because Amazon has had no relevant interaction with non-[Amazon Photos] account holders, Amazon *cannot* satisfy the requirement of destroying their biometric data 'within 3 years of the individual's last interaction' with Amazon."). Plaintiff also alleges that "it is unclear how long Amazon retains the biometric identifiers and information derived from the photos stored in Amazon Photos," *id.* ¶ 57, and that "Amazon violated the very privacy interests that BIPA was intended to protect" by "improperly retaining the biometric information of Plaintiff." *Id.* ¶ 93.

---

[2] To be clear, Amazon concedes *only* that Plaintiff adequately alleges Article III standing for BIPA violations under current law. That Plaintiff's allegations establish Article III standing does not mean that those claims—which Amazon denies—are adequately pleaded, because standing is an inquiry distinct from the merits. *See Construction Indus. Retirement Fund of Rockford v. Kaspar Trucking, Inc.*, 10 F.3d 465, 467 (7th Cir. 1993) ("[A] litigant doomed to lose does not for that reason lack standing to sue."); *see also Coleman v. United States*, 454 F. Supp.2d 757, 766 n.8 (N.D. Ill. 2006) ("A finding that plaintiff has standing simply means that the plaintiff is entitled to walk through the courthouse door and raise his grievance before a federal court; it is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits.") (internal quotations omitted) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1280 (11th Cir. 2001)). Amazon also reserves its right to raise other justiciability defenses, such as ripeness, at an appropriate time.

22. These allegations describe a concrete and particularized injury for Article III purposes because they reasonably suggest that Amazon failed to develop and follow a biometric retention schedule. *See Fox*, 980 F.3d at 1154–55 (explaining that BIPA recognizes a substantive right to privacy in a person's biometric data, and unlawful retention of that data is a concrete and particularized injury). The allegations here are similar to those in *Kalb v. Gardaworld Cashlink LLC*, No. 1:21-cv-01092, 2021 WL 1668036, at *3 (C.D. Ill. Apr. 28, 2021), where the court held that references to deletion policies "reasonably suggest[ed] [d]efendant has unlawfully retained [plaintiff's] data."

23. *Second*, standing exists for Plaintiff's Section 15(b) claim under *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) ("Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks. . . . This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.").

24. *Third*, standing also exists for Plaintiff's Section 15(c) claim, which is based on Amazon allegedly using Plaintiff's biometric information to "improve Amazon's Rekognition technology, which Amazon sells to third parties at a profit." Exhibit A ¶ 76; *see also id.* ¶ 104 (claiming Amazon "profited from [Plaintiff's] biometric identifiers and information by using that biometric data to train its Rekognition technology, which Amazon marketed and sold to businesses, governmental entities, and other organizations"). Plaintiff alleges that "[b]y profiting from its undisclosed use of Plaintiff's . . . biometric identifiers and information, Amazon violated the substantive privacy interests that BIPA protects." *Id.* ¶ 105. *Cf. Thornley v. Clearview AI,*

*Inc.*, 84 F.3d 1241, 1246 (7th Cir. 2021) (plaintiffs did not have Article III standing where plaintiffs specifically alleged that they suffered no injury from defendant's alleged Section 15(c) violations). In *Thornley*, the Seventh Circuit noted, "[w]e have no quarrel with the idea that a different complaint might reflect" an injury in fact under Section 15(c). As an example of such an injury, the court stated that "a plaintiff could assert that the act of selling her data amplified the invasion of her privacy that occurred when the data was first collected, by disseminating it to some unspecified number of other people." *Id.* Plaintiff claims injuries of this kind in the Complaint, asserting that by allegedly training Rekognition using B.H.'s biometric information and disseminating that information to businesses, governmental entities, and other organizations, Amazon has violated the substantive privacy interests BIPA protects.

## NOTIFICATIONS

25. Amazon will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

26. Amazon will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

27. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Amazon reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

28. Amazon reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

Dated: June 11, 2021

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington
Gregory T. Fouts
Tyler Zmick
Alborz Hassani
101 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
gregory.fouts@morganlewis.com
tyler.zmick@morganlewis.com
al.hassani@morganlewis.com

*Counsel for Defendant Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2021, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Kenneth Wexler
Justin N. Boley
Zoran Tasić
WEXLER WALLACE LLP
55 West Monroe St., Suite 3300
Chicago, IL 60603
Tel: (312) 346-2222
Fax: (312) 346-0022
kaw@wexlerwallace.com
jnb@wexlerwallace.com
zt@wexlerwallace.com

Daniel E. Gustafson
Karla M. Gluek
David A. Goodwin
Mickey L. Stevens
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
dgoodwin@gustafsongluek.com
mstevens@gustafsongluek.com

Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington