# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

ANGELA HOGAN and B.H., a minor, by and
through his guardian Angela Hogan,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

*v.*

AMAZON.COM, INC.,

       Defendant.

Case No. 21 C 3169

Judge Harry D. Leinenweber

## FIRST AMENDED CLASS ACTION COMPLAINT

# Table of Contents

Page

I.  Introduction ............................................................................................... 1

II.  Parties ...................................................................................................... 5

III.  Jurisdiction and Venue .............................................................................. 5

IV.  Factual Allegations ................................................................................... 6

    A.  Deep learning, big tech, and the road to Rekognition. ........................... 6

        1.  The rise of facial recognition through "deep learning." ................... 6

        2.  Tech behemoths race to perfect image-recognition technology via deep learning. ........................................................................... 8

        3.  Amazon makes facial-recognition technology available to consumers through Amazon Photos and to businesses and governmental entities through Rekognition. ..................................... 10

    B.  Amazon Photos ................................................................................ 14

        1.  Through its Amazon Photos service, Amazon unlawfully collects, stores, and uses the biometric identifiers and information of Amazon Prime members residing in Illinois. .............................. 14

        2.  Amazon unlawfully collects, stores, and uses the biometric information of Illinois residents who are not Prime members but are given free Amazon Photos accounts through the Family Vault feature. ....................................... 19

        3.  Amazon unlawfully collects, stores, and uses the biometric identifiers and information of Illinois residents who have never used Amazon Photos, most of whom are unaware that Amazon has their biometric data. ..................... 21

    C.  Amazon Rekognition has raised civil-liberty and privacy concerns among civil-rights groups, members of Congress, and Amazon's own employees and shareholders. ........................................................... 24

D. Amazon unlawfully collected, stored, and used Plaintiffs' biometric identifiers and information through Amazon Photos. ............................................................. 28

V. Class Action Allegations ................................................................. 29

VI. Claims for Relief ........................................................................ 33

Claim 1: Violation of Section 15(a) of Illinois's Biometric Information Privacy Act (740 ILCS 14/15(a)) by Failing to Establish a Publicly Available Policy Governing the Retention of Biometric Identifiers and Information ....................................... 33

Claim 2: Violation of Section 15(b) of Illinois's Biometric Information  Privacy Act (740 ILCS 14/15(b)) by Obtaining Biometric Identifiers  or Information Without Notice or Consent ........................................................................ 35

Claim 3: Violation of Section 15(c) of Illinois's Biometric Information Privacy  Act (740 ILCS 14/15(c)) by Profiting from Biometric Identifiers or  Biometric Information Obtained Through Amazon Photos ................................... 37

Claim 4: Unjust Enrichment ......................................................... 38

VII. Prayer For Relief ........................................................................ 40

VIII. Jury Demand ............................................................................ 41

Plaintiffs Angela Hogan and B.H., a minor, by and through his guardian Angela Hogan, bring this action against Defendant Amazon.com, Inc., individually and on behalf of all others similarly situated, and allege the following based on personal knowledge, the investigation of counsel, and information and belief.

## I.    INTRODUCTION

1.      BIPA addresses the dangers posed by the mishandling of biometric identifiers and information by providing a right of action to any person who is subjected to a violation of the Act within the State of Illinois.[1]

2.      As relevant here, a private entity in the possession of biometric identifiers or information violates BIPA when it (a) fails to establish a publicly available policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information";[2] (b) obtains a person's biometric identifier or information without first providing adequate written notice to that person and obtaining the person's informed written consent;[3] or (c) profits in any way from the use of a person's biometric identifiers or information.[4]

---

[1] 740 ILCS 14/20.

[2] 740 ILCS 14/15(a).

[3] 740 ILCS 14/15(b), 14/10.

[4] 740 ILCS 14/15(c).

3.      Amazon Photos (originally called Amazon Prime Photos) was launched in November 2014. A cloud-based photo storage, sharing, and organization platform, Amazon Photos provides all Amazon Prime subscribers—in Illinois and elsewhere—with "unlimited photo storage" and "enhanced search and organization features,"[5] including image recognition.

4.      Currently, there are about 150 million Amazon Prime subscribers in the United States;[6] approximately 5.8 million of those subscribers reside in the State of Illinois.

5.      An Amazon Prime subscription costs $12.99 per month or $119 per year if paid annually. Amazon therefore earns hundreds of millions of dollars a year from Illinois citizens who purchase a Prime subscription, of which Amazon Photos is one feature.

6.      Amazon Photos' image-recognition feature analyzes billions of images daily.[7] Each time one of those photographs contains an image of a person's face, Amazon's

---

[5] *What Is Amazon Photos*, AMAZON.COM (last visited May 6, 2021), https://www.amazon.com/gp/help/customer/display.html?nodeId=G6PT8TMLM9NVZCSL.

[6] *Number of Amazon Prime users in the United States from 2017 to 2022*, STATISTA (Dec. 1, 2020), https://www.statista.com/statistics/504687/number-of-amazon-prime-subscription-households-usa/.

[7] Werner Vogels, *Bringing the Magic of Amazon AI and Alexa to Apps on AWS*, ALL THINGS DISTRIBUTED (Nov. 30, 2016) ("Amazon Rekognition is a fully managed, deep learning–based image analysis service, built by [Amazon's] computer vision scientists with the same proven technology that has already analyzed billions of images daily on Amazon Prime Photos."), https://www.allthingsdistributed.com/2016/11/amazon-ai-and-alexa-for-all-aws-apps.html.

facial-recognition technology obtains that person's biometric identifiers in the form of a "scan . . . of face geometry."[8]

7.      The facial-recognition feature of Amazon Photos doesn't obtain biometric identifiers and information of only Prime subscribers who use the service; Amazon scans the facial geometry of *every* person who appears in a picture saved to Amazon Photos, regardless of whether that person is a Prime member or someone who has no idea that a photo of them has been uploaded to the platform.

8.      Perhaps most troubling of all is that Amazon secretly uses the biometric identifiers and information of millions of people that it obtains through Amazon Photos to train and improve Rekognition[9]—a controversial image-recognition technology that Amazon markets and sells to numerous businesses, governmental entities, and other organizations. By improving Rekognition with the biometric identifiers and information collected through Amazon Photos, Amazon makes the product more valuable and attractive

---

[8] 740 ILCS 14/10 (defining "biometric identifier").

[9] Becky Peterson, *Box is now plugged into Google's AI, letting you easily search through images without needing to first tag them*, BUSINESS INSIDER (Aug. 17, 2017) ("Amazon's Rekognition . . . was trained by analyzing the billions of images uploaded daily into Prime Photos."), https://www.businessinsider.in/box-is-now-plugged-into-googles-ai-letting-you-easily-search-through-images-without-needing-to-first-tag-them/articleshow/60107339.cms.

to its clients, thereby increasing its profits at the expense of the individual privacy interests that BIPA was enacted to protect.

9.     As a private entity in the possession of biometric identifiers obtained through its facial-recognition algorithm, Amazon has violated, and continues to violate, § 15(a) of BIPA by failing to establish a publicly available policy establishing a retention schedule and guidelines for permanently destroying the biometric identifiers—namely, scans of facial geometry—obtained from pictures uploaded to Amazon Photos.[10] Amazon also has violated and continues to violate § 15(b) of BIPA by obtaining these facial scans without first providing adequate written notice and obtaining written informed consent from persons appearing in the uploaded photos, including Plaintiffs and Class Members.[11]

10.     Amazon has violated and continues to violate § 15(c) of BIPA by wrongfully profiting from the billions of facial scans it has collected through its Photos platform—including facial scans Plaintiffs and Class Members—by using the biometric information it obtains from Amazon Photos to improve Rekognition, thereby making the technology more profitable to Amazon, which sells Rekognition to businesses, law enforcement agencies, and other entities.

---

[10] 740 ILCS 14/15(a).

[11] 740 ILCS 14/15(b).

11.     In sum, Amazon obtained images of Plaintiffs and Class Members through the Amazon Photos platform and then wrongfully collected and profited from their biometric identifiers and information, thereby harming the substantive privacy interests that the Biometric Information Privacy Act was intended to protect.

## II.     PARTIES

12.     Plaintiff Angela Hogan is a natural person and citizen of the State of Illinois.

13.     Plaintiff B.H., a minor, and his parent and guardian Angela Hogan are natural persons and citizens of the State of Illinois.

14.     Defendant Amazon.com, Inc. is a Delaware corporation with a principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210.

## III.     JURISDICTION AND VENUE

15.     Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (i) the proposed Class consists of well over 100 persons; (ii) the parties are minimally diverse, as members of the proposed Class, including Plaintiffs, are citizens of a state different from Defendant's home state; and (iii) the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs.

16.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to the Court's jurisdiction. This Court has personal jurisdiction over Defendant Amazon because Amazon deliberately targeted and exploited the Illinois market by acquiring

millions of Prime subscribers in the state who have paid Amazon hundreds of millions of dollars a year just for their Prime memberships, which include the Amazon Photos service. Plaintiffs' claims—based on Amazon storing and profiting from their biometric identifiers and information through Amazon Photos—arise out of and relate to Amazon's selling the Amazon Photos service within Illinois. Plaintiffs' claims therefore arise out of or relate to Amazon's contacts with the state of Illinois.

17.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims occurred in this District. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendant Amazon.

## IV.     FACTUAL ALLEGATIONS

### A.  Deep learning, big tech, and the road to Rekognition.

#### 1.  The rise of facial recognition through "deep learning."

18.     In general, "facial recognition" refers to the scanning of a person's face and matching it against a library of facial images. Facial recognition is a type of "image recognition"—a term that refers more broadly to computer technologies that can recognize people, animals, objects, or other targeted subjects using algorithms and machine learning.

19.     Many of the recent advances in image-recognition technologies rely "on deep learning technology, an advanced type of machine learning and artificial intelligence."[12] Deep learning "works by building deep neural networks that simulate the mechanism of the human brain and then interpreting and analyzing data, such as image, video and text."[13]

20.     Unlike other machine-learning algorithms, "[d]eep learning networks do not require human intervention because the nested algorithms run the data through different concepts which eventually learn from their own mistakes."[14] Thus, "[d]eep learning is suitable for instances where there are boatloads of data to analyze or complex problems to solve."[15]

21.     This makes deep-learning networks particularly well suited to (among other things) image recognition, including facial recognition: "Face recognition leverages computer vision to extract discriminative information from facial images and deep learning techniques to model the appearances of faces, classify them and transmit the data. Algorithms extract facial features and compare them to a database to find the best match."[16]

---

[12] Christine Facciolo, *The future of image recognition technology is deep learning*, TECHNICAL.LY (Sept. 20, 2019), https://technical.ly/dc/2019/09/20/image-recognition-technology-artificial-intelligence/.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

2. **Tech behemoths race to perfect image-recognition technology via deep learning.**

22.     In 2014—the year that Amazon launched Amazon Photos—image recognition was being touted as "the tech world's 'next big thing,'" in large part because of advances in deep learning.[17] At the time, image-recognition technology had been in development for decades,[18] but Silicon Valley technology companies had only recently begun devoting immense resources to the development of such technology "to make the most of the vast amounts of data [including photos] that data users share with them."[19]

23.     Facebook made a "big push" into image-recognition technology by purchasing the facial-recognition startup Face.com in 2012.[20] Only two years later, Facebook unveiled DeepFace, a deep-learning network that could purportedly "determine whether two

---

[17] Jess Bolluyt, *Why Image Recognition Is the Tech World's 'Next Big Thing,'* CHEATSHEET.COM (Sept. 14, 2014) ("Google's focus on deep learning, and explorations of its potential for image recognition, runs parallel to what other companies in Silicon Valley are researching."), https://www.cheatsheet.com/technology/why-image-recognition-is-the-tech-worlds-next-big-thing.html/.

[18] *The History of Face Recognition*, FACEFIRST BLOG (last visited July 16, 2021), https://www.facefirst.com/blog/brief-history-of-face-recognition-software/.

[19] Bolluyt, *supra* note 17.

[20] Kate Knibbs, *Inside Facebook's freakishly accurate face recognition technology*, DAILY DOT (Mar. 2, 2020), https://www.dailydot.com/debug/facebook-facial-recognition-deepface/.

photographed faces are of the same person with 97.25 percent accuracy."[21] By early 2015, Facebook had begun using DeepFace to identify and tag its users in photos uploaded to Facebook.[22]

24.     For its part, "Google started [an] acquisition spree in late 2012 with facial recognition company Viewdle and . . . continued picking up [other] neural networks."[23] By early 2015, Google was touting its own deep-learning facial-recognition system, called FaceNet, as "the most-accurate technology available for recognizing human faces," claiming that it "achieve[d] a new record accuracy of 99.63%" in face-matching.[24]

---

[21] Dino Grandoni, *Facebook's New 'DeepFace' Program Is Just As Creepy As It Sounds*, HUFFINGTON POST (Mar. 18, 2014), https://www.huffpost.com/entry/facebook-deepface-facial-recognition_n_4985925.

[22] Victoria Woolaston, *Facebook can tag you in photos AUTOMATICALLY: Social network starts rolling out DeepFace recognition feature*, THE DAILY MAIL (Feb. 9, 2015), https://www.dailymail.co.uk/sciencetech/article-2946186/Facebook-soon-tag-photos-AUTOMATICALLY-Social-network-starts-rolling-DeepFace-feature.html.

[23] Dan Rowinski, *Google's Game Of Moneyball In The Age Of Artificial Intelligence*, READWRITE (Jan. 29, 2014), https://readwrite.com/2014/01/29/google-artificial-intelligence-robots-cognitive-computing-moneyball/.

[24] Matt Prigg, *Google claims its 'FaceNet' system has almost perfected recognising human faces – and is accurate 99.96% of the time*, THE DAILY MAIL (Mar. 19, 2015), https://www.dailymail.co.uk/sciencetech/article-3003053/Google-claims-FaceNet-perfected-recognising-human-faces-accurate-99-96-time.html.

25.    In 2015, Apple acquired the startup Perception, which "focuse[d] on image-based recognition and deep learning,"[25] and in early 2016 acquired Emotient, "an artificial intelligence startup that reads people's emotions by analysing facial expressions."[26] By mid-2016, Apple had updated its Photos app to incorporate "advanced computer vision, a group of deep learning techniques that [brought] facial recognition to the iPhone."[27]

### 3.  Amazon makes facial-recognition technology available to consumers through Amazon Photos and to businesses and governmental entities through Rekognition.

26.    Amazon lagged slightly behind other tech giants in its development of facial-recognition technology but caught up quickly. In the fall of 2015, Amazon acquired the deep-learning startup Orbeus, Inc.—which had developed the PhotoTime app for both Apple's iOS and Google's Android operating system—and hired nearly all its personnel.[28]

---

[25] Nathan Eddy, *Apple Acquires Perception, A Deep Learning, AI Specialist*, INFORMATIONWEEK (Oct. 6, 2015), https://www.informationweek.com/mobile/mobile-applications/apple-acquires-perceptio-a-deep-learning-ai-specialist/d/d-id/1322502.

[26] *Apple Buys Artificial Intelligence Startup Emotient: Report*, GADGETS 360 (Jan. 8, 2016), https://gadgets.ndtv.com/internet/news/apple-buys-artificial-intelligence-startup-emotient-report-787123.

[27] Bryan Clark, *Apple brings Google-style machine learning to 'Photos,'* TNW (June 13, 2016), https://thenextweb.com/apple/2016/06/13/apple-brings-google-style-machine-learning-to-photos/.

[28] Rob Thubron, *Amazon quietly acquired AI image analysis startup Orbeus late last year*, TECHSPOT (Apr. 6, 2016), https://www.techspot.com/news/64358-amazon-quietly-acquired-ai-image-analysis-startup-orbeus.html; Jordan Novet, *Amazon hires team behind deep learning*

27.     The PhotoTime app developed by Orbeus could "detect, tag, and sort features in photos, including objects, faces, scenes, and time."[29] PhotoTime was "based on Orbeus' ReKognition API [application-programming interface], which allowed other developers to build apps that use[d] the same photo-recognition technology."[30] Once Orbeus was acquired by Amazon, however, ReKognition was no longer available to new customers.[31]

28.     By late 2016—a year after its acquisition of Orbeus—Amazon had integrated the image-recognition technology it had acquired into Amazon Photos.[32] Users of Amazon Photos were now able to find images of family members and friends in their uploaded photos,[33] as images of the same person are grouped together automatically using facial recognition:[34]

_____

startup Orbeus, VentureBeat (Apr. 5, 2016), https://venturebeat.com/2016/04/05/amazon-orbeus-deep-learning/.

[29] Thubron, supra note 28.

[30] Thubron, supra note 28.

[31] Thubron, supra note 28.

[32] Ken Yeung, Amazon's Prime Photos service now lets you share storage with 5 family members, VentureBeat (Oct. 18, 2016), https://venturebeat.com/2016/10/18/amazons-prime-photos-service-now-lets-you-share-storage-with-5-family-members/.

[33] Id.

[34] Video: How Does Image Recognition Work, Amazon (last visited May 6, 2021), available at https://www.amazon.com/gp/help/customer/display.html?nodeId=G3BC9SVPPEVSB9T8.



29.     Then, in January 2017, Amazon launched Rekognition—an updated version

of the ReKognition (with a capital *K*) deep-learning application-programming interface it

had acquired in 2015. Amazon markets and sells Rekognition technology to businesses,

governmental entities, and other organizations through Amazon Web Services,[35]

a cloud-based platform that today offers 200 services globally[36]—including, among other

things, cloud-based storage, analytics, management tools, security, and various "enterprise

applications."[37]

---

[35] Kent Weare, *Amazon Introduces Rekognition for Image Analysis*, INFOQ (Jan. 8, 2017), https://www.infoq.com/news/2017/01/AWS-Rekognition/.

[36] *What is AWS*, AWS (last visited July 16, 2021), https://aws.amazon.com/what-is-aws/.

[37] *Cloud Products*, AWS (last visited July 16, 2021), https://aws.amazon.com/products/.

30.     Amazon publicly acknowledged at the time that it had "been using Rekognition within its Amazon Prime Photo service."[38]

31.     What Amazon users and the public were *not* told, however, was that Amazon's deep-learning Rekognition technology was "trained by analyzing the billions of images uploaded daily into Prime Photos."[39]

32.     In other words, the biometric identifiers—scans of facial geometry—of untold millions of people were obtained, stored, and analyzed by Amazon's Rekognition from the billions of images uploaded to Amazon Photos daily. The ability to "learn" from all of the images stored in Amazon Photos accounts made Rekognition more accurate. This, in turn, made Rekognition more valuable to Amazon's business, governmental, and organizational customers, enabling Amazon to profit from the biometric identifiers and information of not only millions of Prime customers but also millions of *non*-Prime customers whose images were uploaded to Amazon Photos, often without their knowledge or consent.

---

[38] Weare, *supra* note 35; *see also* Shudeep Chandrasekhar, 1REDDROP (Dec. 4, 2016) (explaining that Rekognition "is a technology that Amazon itself uses – for Prime Photos"), https://1reddrop.com/2016/12/04/amazons-biggest-contribution-artificial-intelligence-application-developers/; Nancy Cohen, *Amazon improves face analysis tech, adds fear*, TECH XPLORE (Aug. 15, 2019) ("'Rekognition Image is based on the same proven, highly scalable, deep learning technology developed by Amazon's computer vision scientists to analyze billions of images daily for Prime Photos,' said the company [Amazon]."), https://techxplore.com/news/2019-08-amazon-analysis-tech.html.

[39] Peterson, *supra* note 9.

**B. Amazon Photos**

1. **Through its Amazon Photos service, Amazon unlawfully collects, stores, and uses the biometric identifiers and information of Amazon Prime members residing in Illinois.**

33.     Amazon is the world's largest online retailer and recently became the largest retailer (online or otherwise) in the world, surpassing Walmart. The company offers consumers membership to its Amazon Prime service for $12.99 a month. Prime members have access to faster and cheaper shipping options, exclusive discounts, and a host of Amazon's online services, including Prime Video, Amazon Music, and Prime Photos.

34.     Prime Photos is a cloud-based platform that provides members with unlimited online storage of full-resolution photos. The Prime Photos app—available on Windows, Android, and iOS devices—enables members to automatically upload all of their digital photos to the cloud (namely, Amazon's servers).[40]

35.     A Prime member who has installed the Photos app on their mobile phone can take a picture with their phone's camera and have that picture instantaneously stored on Amazon's servers, making the picture accessible from any internet-enabled device anywhere in the world.

---

[40] *What is Amazon Photos?*, AMAZON (May 8, 2019), https://www.amazon.com/primeinsider/tips/prime-photos-qa.html.

36.     Users who don't have the "auto-save" feature enabled are continually prodded by the app to do so:



37.     Image- and facial-recognition technology (Rekognition) is integrated into Amazon Photos, so that "the app organizes your photos automatically. You can quickly find any specific photo by searching for a particular date, or by people and things in their images, like 'dog' or 'sunset.' You can also organize your photos in albums."[41] Amazon represents that "[t]he best part is that all this organization happens automatically, without you lifting a finger."[42]

38.     The Amazon Photos terms of use state that "[i]mage recognition features are enabled automatically when you begin using the Services unless the billing information

---

[41] *Id.*

[42] *Id.*

associated with your account indicates that you may be an Illinois resident, in which case the image recognition features will be disabled and must be enabled by you."[43]

39.     Although the image-recognition features of Photos are not automatically enabled for Prime members who are Illinois residents, the Amazon Photos app prompts Illinois residents to enable image recognition:




_____

[43] *Amazon Photos Terms of Use*, AMAZON (last updated June 1, 2020), https://www.amazon.com/gp/help/customer/display.html?nodeId=201376540.

40.     Moreover, a user can readily enable the image-recognition feature with one tap of a finger:



41.     As these images show, there is a statement at the bottom of the screen telling Illinois residents that, "by turning on image recognition features, you agree to this important legal information." While the user has the option of clicking on a hyperlink to visit a page with the "important legal information," the user can enable image recognition without doing so.

42.     Users who do click on the hyperlink are taken to a page stating that "an Illinois state law *may* require the informed written consent from an Illinois resident before

performing image recognition on photos that include his or her face."[44] The page also falsely

represents that it is the responsibility of the Prime subscriber—not Amazon—to obtain

informed written consent from "the individuals in the photos stored in [their] account"

before collecting those individuals' biometric identifiers or information:[45]

> Image recognition features are disabled initially for Illinois residents because an Illinois state law may require the informed written consent from an Illinois resident before performing image recognition on photos that include his or her face.
>
> **Enabling Image Recognition on Photos.** By enabling image recognition features for your account, you understand that image recognition analysis will be performed on the photos stored in your account, and you represent to us that you have obtained the consent of the individuals in the photos stored in your account permitting us to use image recognition analysis on photos of them.

43.     Of course, Amazon knows that very few—if any—account holders go through

the trouble of confirming that every friend, family member, or other person who is in their

photos provides the informed written consent that is necessary for Amazon to collect their

biometric identifiers and information.

44.     Moreover, Amazon does nothing to confirm that Prime subscribers are in fact

legally authorized representatives of the non-account holders whose images are saved to

Amazon Photos and scanned using facial-recognition technology.

---

[44] *Notice to Illinois Residents*, AMAZON (last visited May 6, 2021) (emphasis added), https://www.amazon.com/gp/help/customer/display.html?nodeId=202094310.

[45] *Id.*

45.     Neither the account holder nor any other person whose image is uploaded to Amazon Photos is ever informed—either on the "notice" page or in the Amazon Photos terms of use[46]—that one of the main purposes of Amazon's collecting, storing, and using the facial scans of persons in the stored photos is to improve Amazon's Rekognition technology.[47] In this way, the biometric identifiers and information collected through the Photos platform enable Amazon to reap bigger profits from selling its image-recognition service Rekognition to businesses, governmental entities, and other organizations.

**2.  Amazon unlawfully collects, stores, and uses the biometric information of Illinois residents who are not Prime members but are given free Amazon Photos accounts through the Family Vault feature.**

46.     Prime members are not the only consumers with access to the Amazon Photos service. Any Prime subscriber based in the United States can provide free Amazon Photos accounts to up to five people by inviting them to a "Family Vault."

47.     A person who accepts an invitation to join a Family Vault receives a free Amazon Photos account even if they are not a Prime member. Like the Prime member who

---

[46] *See id.*; *Amazon Photos Terms of Use*, AMAZON (last updated May 3, 2021), https://www.amazon.com/gp/help/customer/display.html?nodeId=201376540.

[47] *See* 740 ILCS 14/15(b)(2) (providing that private entity that obtains a person's biometric identifier or information must "inform[ ] the subject or their legally authorized representative in writing of the *specific purpose* and length of term for which a biometric identifier or biometric information is being collected, stored, *and used*" (emphasis added)).

invited them, the "Vault member" can store unlimited full-resolution photos in their Amazon Photos account and has full access to many features such as auto-save.

48.     There is one important Photos feature that a Vault member does *not* have access to. If the Prime member who invited them to a Family Vault has image recognition enabled, the Vault member *cannot* disable the image-recognition feature in their own Amazon Photos account:



49.     Image recognition is enabled by default for Prime members who do not reside in Illinois,[48] and most users never disable the feature (many because they are unaware of it).

50.     Image recognition is therefore permanently enabled for most Vault members' accounts—including the accounts of those Vault members who reside in Illinois.

51.     Amazon obtains the biometric identifiers and information of every person whose images are stored in those accounts by scanning their facial geometry.

---

[48] *See How Does Image Recognition Work?*, AMAZON (last visited May 6, 2021) ("Image recognition in Amazon Photos is enabled by default, unless you are a resident of Illinois."), https://www.amazon.com/gp/help/customer/display.html?nodeId=G3BC9SVPPEVSB9T8.

**3. Amazon unlawfully collects, stores, and uses the biometric identifiers and information of Illinois residents who have never used Amazon Photos, most of whom are unaware that Amazon has their biometric data.**

52. Amazon collects and profits from the biometric identifiers and information of millions of people who do not have an Amazon Photos account. Indeed, a person's biometric data is collected through Amazon photos regardless of whether that person has purchased anything from Amazon, is aware that their image is stored by Amazon Photos, or has ever even heard of Amazon Photos.

53. There are countless ways that this can occur, including:

a. An Amazon Photos account holder (whether a Prime member or Vault member) takes a street photo that captures pedestrians the account holder doesn't know, and the photo is automatically stored in Amazon Photos via the Photos app on the account holder's phone.

b. An account holder takes a picture at a family reunion. Again, the picture is automatically stored in Amazon Photos without the knowledge or consent of the persons in the photo.

c. An account holder takes numerous photos at their child's birthday party. Numerous children are in the photos, and the photos are stored automatically in Amazon Photos without the knowledge of the children or their parents.

d. An account holder takes a selfie at a bar, with several strangers in the background. Those strangers' images are automatically stored in Amazon Photos.

54. In each of the above examples, if image recognition is enabled in the Photos account, the persons who unwittingly appear in the uploaded photos have their facial

geometry scanned by Amazon without their knowledge, let alone their informed written consent. Amazon profits from these persons' biometric identifiers and information by using this biometric data to improve the Rekognition technology that Amazon sells to businesses, governmental entities, and other organizations.

55. Moreover, it is unclear how long Amazon retains the biometric identifiers and information derived from the photos stored in Amazon Photos, and how long it continues to profit from them.

56. Section 15(a) of BIPA requires that Amazon have a publicly available written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."[49]

57. The Amazon Photos terms of use tells account holders that Amazon:

> retain[s] image recognition data, including data about the faces, in the photos you store using the Services until you disable the image recognition features or your account's access to the Services is terminated. If your image recognition features are disabled, we will stop storing image recognition data for you, and we will not tag any new photos uploaded to your account.[50]

---

[49] 740 ILCS 14/15(a).

[50] *Amazon Photos Terms of Use*, Amazon (last updated May 3, 2021), https://www.amazon.com/gp/help/customer/display.html?nodeId=201376540.

58.     This statement in the terms of use does not explain what is encompassed by the term "image recognition data." As recognized by courts, "biometric information" for which a retention schedule must be made publicly available is broadly defined in BIPA[51] to prevent private entities from evading "the Act's restrictions by converting a person's biometric identifier into some other piece of information, like a mathematical representation or, even simpler, a unique number assigned to a person's biometric identifier."[52] Thus, "whatever a private entity does in manipulating a biometric identifier into a piece of information, the resulting information is still covered by the Privacy Act if that information can be used to identify the person."[53]

59.     Amazon does not disclose to users or the public that it uses the biometric identifiers and information obtained through Amazon Photos to train its Rekognition technology. And there is no way to know what manipulations the collected biometric identifiers undergo before and after being used to train Amazon's Rekognition technology.

60.     The statement in the terms of use also falls short because non-account holders have not had an interaction with Amazon related to Amazon Photos' collection of their

---

[51] *See* 740 ILCS 14/4 ("'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual.").

[52] *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1095 (N.D. Ill. 2017).

[53] *Id.*

– 23 –

biometric identifiers and information. Thus, Amazon violates § 15(a) the moment it obtains biometric identifiers and information of a non-account holder. Because Amazon has had no relevant interaction with non-account holders, Amazon *cannot* satisfy the requirement of destroying their biometric data "within 3 years of the individual's last interaction" with Amazon.

## C. Amazon Rekognition has raised civil-liberty and privacy concerns among civil-rights groups, members of Congress, and Amazon's own employees and shareholders.

61.     Since launching its deep-learning image-recognition service Rekognition, Amazon has marketed and sold access to the technology to numerous businesses, including C-SPAN, Marinus Analytics, Aella Credit, Kyodo News, Mainichi Newspapers, K-STAR Group, POPSUGAR Inc., FamilySearch, Sen Corporation, CampSite, Wia, OneFi, Woo, CA Mobile Inc., Uluru, and ARMED Inc.,[54] as well as to numerous governmental entities, including U.S. Immigration and Customs Enforcement and an unknown number of police departments across the United States.[55]

---

[54] *Amazon Rekognition Customers*, AMAZON (last visited July 16, 2021), https://aws.amazon.com/rekognition/customers/.

[55] Ben Gilbert, *Amazon sells facial recognition software to police all over the US, but has no idea how many departments are using it*, BUSINESS INSIDER (Feb. 21, 2020), https://www.businessinsider.com/amazon-rekognition-police-use-unknown-2020-2.

62.     All the while, Amazon was using, and continues to use, the biometric identifiers and information from facial images stored by consumers in Amazon Photos to train the Rekognition algorithm. [56]

63.     By mid-2018, civil- and privacy-rights organizations like the ACLU were raising concerns about the use of Rekognition technology, particularly by governmental entities. The ACLU called on Amazon to "stop selling facial-recognition software to government entities like the Portland-area county, which has used the cloud-computing service to compare images of people in public places to its database of criminal suspects."[57] The ACLU's letter to Amazon CEO Jeff Bezos articulated the privacy concerns presented by governments' use of Rekognition: "People should be free to walk down the street without being watched by the government. . . . Facial recognition in American communities threatens this freedom."[58]

---

[56] *See, e.g.,* Peterson, *supra* note 9 ("Amazon's Rekognition . . . was trained by analyzing the billions of images uploaded daily into Prime Photos.").

[57] Matt Day, *ACLU asks Amazon to stop selling facial-recognition tools to governments*, THE SEATTLE TIMES (May 23, 2018), https://www.seattletimes.com/business/amazon/aclu-asks-amazon-to-stop-selling-facial-recognition-tools-to-governments/.

[58] *ACLU asks Amazon to stop marketing face-recognition technology to police*, LOS ANGELES TIMES (May 22, 2018), https://www.latimes.com/business/technology/la-fi-tn-amazon-facial-recognition-20180522-story.html.

64.     Around the same time, the ACLU tested Rekognition, having it "compare official photos of every member of the U.S. House and Senate against a database of 25,000 public arrest photos."[59] Rekognition "found 'matches' for 28 members of Congress with at least 80 percent confidence, Amazon's default setting," and the matches "were disproportionately people of colour."[60]

65.     In early 2019, an MIT study raised additional civil-liberties concerns, finding "that Rekognition may have gender and racial biases":

> When the software was presented with a number of female faces, it incorrectly labeled 19 percent of them as male.
>
> But the outcome was much worse for darker-skinned women.
>
> Of the dark-skinned women it was presented, Rekognition incorrectly labeled 31 percent of them as men.[61]

66.     Following the release of the MIT report, "civil liberties groups, members of Congress and Amazon's own employees, [as well as] a group of shareholders [called on

---

[59] Jeffrey Dastin, *Amazon's face ID tool mismatched 28 members of Congress to mug shots – ACLU*, REUTERS (July 26, 2018), https://www.reuters.com/article/uk-amazon-com-facial-recognition-idUKKBN1KG1K9.

[60] *Id.*

[61] Annie Palmer, *Amazon's controversial facial recognition software can't tell the difference between men and women or recognize dark-skinned females, MIT study finds*, THE DAILY MAIL (Jan. 25, 2019), https://www.dailymail.co.uk/sciencetech/article-6633569/Amazons-facial-recognition-software-mistakes-women-men-darker-skinned-women-men.html.

Amazon] to stop selling its Rekognition technology to government agencies."[62] Amazon refused to make any changes to Rekognition.[63]

67. Finally, in June 2020, Amazon announced that it was "implementing a one-year moratorium on police use of Amazon's facial recognition technology."[64] There is no indication that Amazon has stopped selling its facial-recognition technology to businesses, non-profits, and governmental entities that are not police departments.

68. The concerns about Amazon's Rekognition echo the Illinois General Assembly's finding, in enacting BIPA, that "[a]n overwhelming majority of members of the public are weary of the use of biometrics when such information is tied to . . . personal information,"[65] and the Assembly's concern that "[t]he full ramifications of biometric technology are not fully known."[66]

---

[62] Alfred Ng, *Shareholders demand Amazon end facial recognition sales to government*, CNET (Jan. 17, 2019), https://www.cnet.com/news/shareholders-demand-amazon-end-facial-recognition-sales-to-government/.

[63] Palmer, *supra* note 61.

[64] *We are implementing a one-year moratorium on police use of Rekognition*, AMAZON (June 10, 2020), https://www.aboutamazon.com/news/policy-news-views/we-are-implementing-a-one-year-moratorium-on-police-use-of-rekognition.

[65] 740 ILCS 14/5(d).

[66] 740 ILCS 14/5(f).

**D. Amazon unlawfully collected, stored, and used Plaintiffs' biometric identifiers and information through Amazon Photos.**

69.     Plaintiff Angela Hogan gave her minor daughter (the sister of Plaintiff B.H.) an Amazon Fire tablet as a Christmas gift in December 2020.

70.     When the tablet was first activated, it was linked to Plaintiff Angela Hogan's Amazon Prime account. The Amazon Photos application was pre-installed on the tablet, and in January 2021 both Plaintiff Angela Hogan and her daughter began using Amazon Photos through Plaintiff's Prime account.

71.     Numerous images of Plaintiffs Angela Hogan and B.H. are stored in Ms. Hogan's Amazon Photos account. Because the image-recognition feature on the account is enabled, Amazon has scanned Plaintiffs' facial geometries, thereby collecting and storing Plaintiffs' biometric identifiers and information.

72.     Neither Plaintiff Angela Hogan nor her daughter ever received or saw any information from Amazon stating how long the biometric data obtained from Ms. Hogan's Amazon Photos account would be retained by Amazon.

73.     Nor did they receive or see any guidelines for when or how the biometric data collected from the Amazon Photos account would be destroyed by Amazon.

74.     Amazon never informed Plaintiff Angela Hogan or her daughter of the specific purpose or length of time that the biometric data collected from the images in the

Amazon Photos account would be collected, stored, or used. Among other things, Amazon never informed them that that this biometric data would be used to improve Amazon's Rekognition technology, which Amazon sells to third parties at a profit.

75.    Neither Plaintiff Angela Hogan nor her daughter—nor any person in the images stored in the Amazon Photos account—ever executed a written release stating that Amazon could use their biometric data to improve the Rekognition technology it sells to businesses and other entities.

## V.    CLASS ACTION ALLEGATIONS

76.    Plaintiff Angela Hogan and Plaintiff B.H., a minor, by and through his guardian Angela Hogan, bring this action on behalf of themselves and under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as representatives of a Class defined as follows:

> All Illinois citizens who, while residing in the state of Illinois during the Class Period, had their biometric identifiers, including scans of facial geometry and related biometric information, collected, captured, received, or otherwise obtained by Amazon from photographs stored in an Amazon Photos account.[67]

77.    For purposes of this action, the Class Period is defined as May 12, 2016 through the present.

---

[67] Amazon Photos was previously named Amazon Prime Photos.

78.     Excluded from the Class are Defendant Amazon and any entity in which Defendant has a controlling interest, as well as any of Defendant's legal representatives, officers, directors, assignees, and successors.

79.     Members of the Class are so numerous that joinder of all Class Members is impractical. Currently, there are about 150 million Amazon Prime subscribers in the United States,[68] and approximately 5.8 million of those subscribers reside in the State of Illinois. Thus, by conservative estimates Class Members number in the tens or hundreds of thousands. Class Members are readily identifiable from information and records in Amazon's possession.

80.     Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and Class Members were aggrieved by the same wrongful conduct of Amazon: their substantive privacy interests were harmed by Amazon's failure to establish an adequate publicly available policy regarding the retention of Class Members' biometric identifiers and information, by Amazon's obtains their biometric identifiers or information without first

---

[68] *Number of Amazon Prime users in the United States from 2017 to 2022*, STATISTA (Dec. 1, 2020), https://www.statista.com/statistics/504687/number-of-amazon-prime-subscription-households-usa/.

providing adequate written notice their informed written consent, and by Amazon's profiting from their biometric identifiers or information.[69]

81.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The interests of Plaintiffs are coincident with, and not antagonistic to, those of the other members of the Class.

82.    Plaintiffs are represented by counsel with experience in the prosecution of class actions and with particular experience with class actions raising claims under BIPA.

83.    Questions of law and fact common to the members of the Class predominate over questions that may affect only individual Class Members because Amazon has acted on grounds generally applicable to the entire Class, thereby making damages with respect to the Class as a whole appropriate. Such generally applicable conduct is inherent in Amazon's wrongful actions.

84.    Questions of law and fact common to the Class include:

   a.   Whether Amazon established a publicly available policy for retention of biometric identifiers and information sufficient to satisfy the requirements of § 15(a) of BIPA.

   b.   Whether Amazon provided written notice and obtained written consent of persons whose biometric identifiers and information were collected by Amazon Photos' facial-recognition algorithm

---

[69] 740 ILCS 14/15(c).

and, if so, whether such notice and consent are sufficient to satisfy the requirements of § 15(b) of BIPA.

c. Whether Amazon profited from the use of the biometric identifiers and information it collected via Amazon Photos by using that biometric data to train the Rekognition technology it sold to businesses, governmental entities, and other organizations.

d. Whether Amazon's treatment of the biometric identifiers and information collected via Amazon Photos was negligent, intentional, or reckless.

e. Whether persons who had their biometric identifiers and information collected via Amazon Photos are entitled to damages and, if so, in what amount.

f. Whether Amazon should be enjoined from collecting biometric identifiers and information through the Amazon Photos service.

85.    Class-action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweighs potential difficulties in management of this class action.

86.    Plaintiffs know of no special difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

## VI.   CLAIMS FOR RELIEF

**Claim 1: Violation of Section 15(a) of Illinois's Biometric Information Privacy Act (740 ILCS 14/15(a)) by Failing to Establish a Publicly Available Policy Governing the Retention of Biometric Identifiers and Information**

87.     Plaintiffs repeat and incorporate by reference all preceding paragraphs and allegations.

88.     Section 15(a) of BIPA provides that "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information . . . ."[70] The biometric identifiers and information must be permanently destroyed "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."[71]

89.     Amazon is a Delaware corporation and is therefore a "private entity" under BIPA.[72]

90.     The facial geometries of Plaintiffs and Class Members are "biometric identifiers" under the Act, and the information that Amazon derived from these identifiers is

---

[70] 740 ILCS 14/15(a).

[71] 740 ILCS 14/15(a).

[72] 740 ILCS 14/10.

– 33 –

"biometric information" covered by the Act.[73]

91.     As explained in paragraphs 58 to 63 above, Amazon did not properly develop a

publicly available written policy governing the retention of biometric identifiers and

information.

92.     By improperly retaining the biometric information of Plaintiffs and Class

Members, Amazon violated the very privacy interests that BIPA was intended to protect.

93.     On behalf of themselves and the Class, Plaintiffs seek:

> (a) injunctive and equitable relief as is necessary to protect the
> interests of Plaintiff and the Class by requiring Amazon to develop
> and make publicly available a retention policy that complies with
> BIPA's § 15(a);[74]
>
> (b) the greater of liquidated damages of $5,000 or actual damages for
> each of Amazon's intentional or reckless violations of § 15(a);[75]
>
> (c) the greater of liquidated damages of $1,000 or actual damages for
> each of Amazon's negligent violations of § 15(a);[76] and
>
> (d) reasonable attorneys' fees and costs and other litigation expenses.[77]

---

[73] *Id.*

[74] 740 ILCS 14/20(4).

[75] 740 ILCS 14/20(2).

[76] 740 ILCS 14/20(1).

[77] 740 ILCS 14/20(3).

### Claim 2: Violation of Section 15(b) of Illinois's Biometric Information Privacy Act (740 ILCS 14/15(b)) by Obtaining Biometric Identifiers or Information Without Notice or Consent

94. Plaintiffs repeat and incorporate by reference all preceding paragraphs and allegations.

95. Section 15(b) of BIPA makes it unlawful for any private entity to:

> collect, capture, purchase, receive through trade, or otherwise obtain a person's . . . biometric identifier or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . .[78]

96. The "written release" required by § 15(b)(3) means "informed written consent."[79]

97. Amazon systematically and automatically collected, stored, and used Plaintiffs' and Class Members' biometric identifiers and information without providing the notice required by § 15(b)—including notice that their biometric data was being used for the "specific purpose" of training Amazon's Rekognition technology.

---

[78] 740 ILCS 14/15(b).

[79] 740 ILCS 14/10.

98.     Likewise, Amazon never obtained from Plaintiffs or Class Members the informed written consent required by BIPA.

99.     By improperly collecting, storing, and using Plaintiffs' and Class Members' biometric identifiers and information, Amazon violated their rights to privacy in their biometric data.

100.    On behalf of themselves and the Class, Plaintiffs seek:

(a) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Amazon to comply with § 15(b)'s requirement for collecting, storing, and using biometric identifiers and information;[80]

(b) the greater of liquidated damages of $5,000 or actual damages for each of Amazon's intentional or reckless violations of § 15(b);[81]

(c) the greater of liquidated damages of $1,000 or actual damages for each of Amazon's negligent violations of § 15(b);[82] and

(d) reasonable attorneys' fees and costs and other litigation expenses.[83]

---

[80] 740 ILCS 14/20(4).

[81] 740 ILCS 14/20(2).

[82] 740 ILCS 14/20(1).

[83] 740 ILCS 14/20(3).

### Claim 3: Violation of Section 15(c) of Illinois's Biometric Information Privacy Act (740 ILCS 14/15(c)) by Profiting from Biometric Identifiers or Biometric Information Obtained Through Amazon Photos

101.    Plaintiffs repeat and incorporate by reference all preceding paragraphs and allegations.

102.    Section 15(c) of BIPA makes it unlawful for any "private entity in possession of a biometric identifier or biometric information" to "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information."[84]

103.    Amazon had possession of Plaintiffs' and Class Members' biometric identifiers and information and, without informing them, profited from their biometric identifiers and information by using that biometric data to train its Rekognition technology, which Amazon marketed and sold to businesses, governmental entities, and other organizations.

104.    By profiting from its undisclosed use of Plaintiffs' and Class Members' biometric identifiers and information, Amazon violated the substantive privacy interests that BIPA protects.

105.    On behalf themselves and the Class, Plaintiffs seek:

    (a) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Amazon to cease

---

[84] 740 ILCS 14/15(c).

profiting from the use of their biometric identifiers and information;[85]

(b) the greater of liquidated damages of $5,000 or actual damages for each of Amazon's intentional or reckless violations of § 15(c);[86]

(c) the greater of liquidated damages of $1,000 or actual damages for each of Amazon's negligent violations of § 15(c);[87] and

(d) reasonable attorneys' fees and costs and other litigation expenses.[88]

### Claim 4: Unjust Enrichment

106.    Plaintiffs repeat and incorporate by reference all preceding paragraphs and allegations.

107.    Plaintiffs and Class Members did not authorize Amazon to profit from their biometric identifiers and information by using this biometric data to train its Rekognition technology, which Amazon then sold to businesses, governmental entities, and other organizations.

108.    Amazon appreciated, accepted, and retained the benefit bestowed upon it under inequitable and unjust circumstances arising from Defendant's conduct toward Plaintiffs and Class Members as described herein.

---

[85] 740 ILCS 14/20(4).

[86] 740 ILCS 14/20(2).

[87] 740 ILCS 14/20(1).

[88] 740 ILCS 14/20(3).

109.    Defendant Amazon profited from Plaintiffs' and Class Members' biometric identifiers and information and did not provide full compensation for the benefit received from Plaintiffs and Class Members.

110.    Defendant Amazon obtained Plaintiffs' and Class Members' biometric identifiers and information through inequitable means in that it obtained biometric data from Plaintiffs and Class Members' in violation of Illinois law.

111.    Plaintiffs and Class Members have no adequate remedy at law.

112.    Under the circumstances, it would be unjust and unfair for Defendant Amazon to be permitted to retain any of the benefits obtained from Plaintiffs and Class Members and their biometric identifiers and information.

113.    Under the principles of equity and good conscience, Defendant Amazon should not be permitted to retain the biometric identifiers and information belonging to Plaintiffs and Class Members because Defendant unlawfully obtained the biometric identifiers and information.

114.    Defendant Amazon should be compelled to disgorge into a common fund or constructive trust, for the benefit of Plaintiffs and Class Members, proceeds that it unjustly received as a result of obtaining, collecting, storing, using, possessing and profiting off of Plaintiffs' and Class Members' biometric identifiers and information, including but not limited to the value of the intellectual property derived therefrom.

## VII.    PRAYER FOR RELIEF

115.    WHEREFORE, on behalf of themselves and the Class, Plaintiffs respectfully

request that this Court enter an Order:

a.  Certifying this case as a class action under Federal Rule of Civil
    Procedure 23(a), (b)(2), and (b)(3) on behalf of the Class defined
    above, appointing Plaintiff Angela Hogan and Plaintiff B.H., by
    and through his guardian Angela Hogan, as representatives of the
    Class, and appointing their counsel as Class Counsel;

b.  Declaring that Amazon's actions, as set out above, violate § 15(a),
    (b), and (c) of BIPA;

c.  Awarding the greater of actual damages or statutory damages of
    $5,000 per intentional or reckless violation of BIPA,[89] and the
    greater of actual damages or statutory damages of $1,000 per
    negligent violation of the BIPA;[90]

d.  Awarding injunctive and other equitable relief as is necessary to
    protect the interests of the Class, including, among other things,
    an order requiring Amazon to collect, store, and use biometric
    identifiers in compliance with BIPA;

e.  Awarding Plaintiffs and the Class their reasonable litigation
    expenses and attorneys' fees;

f.  Awarding Plaintiffs and the Class pre- and post-judgment interest,
    to the extent allowable; and

g.  Awarding such other and further relief as equity and justice may
    require.

---

[89] 740 ILCS 14/20(2).

[90] 740 ILCS 14/20(1).

## VIII.  Jury Demand

116.    Plaintiffs demand a trial by jury on all issues so triable.


Dated: July 21, 2021                        /s/ Kenneth Wexler

                                            Kenneth Wexler
                                            Justin N. Boley
                                            Zoran Tasić
                                            Wexler Wallace LLP
                                            55 West Monroe St., Suite 3300
                                            Chicago, IL 60603
                                            Tel: (312) 346-2222
                                            Fax: (312) 346-0022
                                            kaw@wexlerwallace.com
                                            jnb@wexlerwallace.com
                                            zt@wexlerwallace.com

                                            Daniel E. Gustafson
                                            Karla M. Gluek
                                            David A. Goodwin
                                            Mickey L. Stevens
                                            Gustafson Gluek PLLC
                                            120 South Sixth Street, Suite 2600
                                            Minneapolis, MN 55402
                                            Tel: (612) 333-8844
                                            Fax: (612) 339-6622
                                            dgustafson@gustafsongluek.com
                                            kgluek@gustafsongluek.com
                                            dgoodwin@gustafsongluek.com
                                            mstevens@gustafsongluek.com

Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

Dean Kawamoto
Derek Loeser
Gretchen Freeman Cappio
Felicia Craick
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
dkawamoto@kellerrohrback.com
dloeser@kellerrohrback.com
gcappio@kellerrohrback.com
fcraick@kellerrohrback.com

Kevin Landau
Archana Tamoshunas
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (212) 931-0704
Fax: (212) 931-0703
klandau@tcllaw.com
atamoshunas@tcllaw.com

*Attorneys for Plaintiffs and
Proposed Class*