IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA HOGAN and B.H., a minor, by and through his guardian Angela Hogan, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 21 C 3169<br><br>Judge Harry D. Leinenweber |

## CASE MANAGEMENT ORDER NO. 1

**WHEREAS**, two related class actions were initiated against Defendant Amazon.com, Inc., by Illinois citizens alleging that their biometric identifiers and information had been collected and used by Amazon through the Amazon Photo service in violation of the Illinois Biometric Information Privacy Act ("BIPA");

**WHEREAS**, one of the class actions, *Angela Hogan v. Amazon.com, Inc.*, No. 21-2-08004-5 SEA, was filed in King County Superior Court in Washington, and sought to certify a class of Amazon Photos account holders whose biometric data was obtained by Amazon from photographs uploaded to their Amazon Photos accounts; the other class action, *B.H. v. Amazon.com, Inc.*, No. 2021-CH-02330, was filed in the Circuit Court of Cook County, Illinois, seeking to certify a class of Illinois citizens whose biometric data was obtained by Amazon from photographs uploaded to another person's Amazon Photos account;

**WHEREAS,** both cases were removed to federal court. *See* Notice of Removal, *B.H. v. Amazon.com, Inc.*, No. 21 C 3169 (N.D. Ill. June 11, 2011), ECF No. 1; Notice of Removal,

*Angela Hogan v. Amazon.com, Inc.*, Case No. 2:21-cv-905 (W.D. Wash. July 6, 2021), ECF No. 1;

**WHEREAS**, Pursuant to an agreement between Plaintiffs in the two cases and Defendant Amazon, Plaintiff Angela Hogan voluntarily dismissed her action in the United States District Court for the Western District of Washington, and the Complaint in the present case was amended to consolidate the two actions and represent a putative class of Amazon Photos account holders and non-account-holders whose biometric data has been collected by Amazon through Amazon Photos. *See* Pl.'s Notice of Voluntary Dismissal, *Angela Hogan v. Amazon.com, Inc.*, Case No. 2:21-cv-905 (W.D. Wash. July 6, 2021), ECF No. 13; Notice of Removal, *B.H. v. Amazon.com, Inc.*, Case No. 21 C 3169 (N.D. Ill. June 11, 2011), ECF No. 1; First Am. Compl, *B.H. v. Amazon.com, Inc.*, No. 21 C 3169 (N.D. Ill. July 21, 2021), ECF No. 23;

**WHEREAS**, a formalized organizational structure will protect the respective putative class and facilitate the efficient conduct of the litigation;

**WHEREAS**, this Case Management Order concerns only class actions brought by persons whose biometric data been collected and used by Amazon through the Amazon Photos service;

**WHEREAS,** any subsequently filed or transferred class action arising from the same questions of law and fact, which alleges substantially the same wrongful conduct, and seeks certification of the same class for damages, will entail substantially the same evidence and witnesses;

**WHEREAS**, consolidation of like actions will avoid duplication and unnecessary costs and promote judicial economy and the efficient conduct of proceedings herein;

**WHEREAS**, appointment of Interim Co-Lead Counsel and the following leadership structure for the proposed class is appropriate under Federal Rule of Civil Procedure 23(g);

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

**A. Consolidation of All Actions**

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all class actions by persons whose biometric data was obtained through the Amazon Photos service centralized in this District and assigned to this Court, and all subsequently filed or transferred related actions by persons whose biometric data was obtained through the Amazon Photos service, are hereby consolidated for pre-trial purposes.

2. Any new filings in this Court or actions transferred to this Court that are related to *Hogan v. Amazon.com, Inc.*, No. 21 C 3169 (N.D. Ill.), shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) in the newly filed action and the objection is sustained.

**B. Organization of Plaintiffs' Counsel**

3. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following as Interim Co-Lead Counsel for the proposed class of Illinois citizens who have claims under BIPA based on Amazon's collecting and using their biometric data through the Amazon Photos service:

> Kenneth Wexler
> Justin N. Boley
> WEXLER BOLEY & ELGERSMA LLP
> 55 West Monroe St., Suite 3300
> Chicago, IL 60603

> Daniel E. Gustafson
> Karla M. Gluek
> David A. Goodwin
> GUSTAFSON GLUEK PLLC
> 120 South Sixth Street, Suite 2600
> Minneapolis, MN 55402
> Tel: (612) 333-8844

>Ryan F. Stephan
>Catherine T. Mitchell
>STEPHAN ZOURAS, LLP
>100 N. Riverside Plaza
>Suite 2150
>Chicago, Illinois 60606
>Tel: (312) 233-1550
>
>Dean Kawamoto
>Derek Loeser
>Gretchen Freeman Cappio
>KELLER ROHRBACK, L.L.P.
>1201 Third Avenue, Suite 3200
>Seattle, WA 98101
>Tel: (206) 623-1900

    4.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following to the Executive Committee for the proposed class of Illinois citizens who have claims under BIPA based on Amazon's collecting and using their biometric data through the Amazon Photos service:

>Archana Tamoshunas
>Kevin Landau
>TAUS, CEBULASH & LANDAU, LLP
>80 Maiden Lane, Suite 1204
>New York, NY 10038
>Tel: (212) 931-0704

    5.    Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of plaintiffs: (a) convening meetings of counsel; (b) the initiation, authorization, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) making such work assignments among themselves and other counsel as they may deem appropriate; (e) the collection on a periodic basis of contemporaneously kept time and expense reports from all plaintiffs' counsel; (f) the retention of experts; (g) the designation of which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations and/or settlement with defendants; (i) the

allocation of fees among counsel in the end-payor actions, if any are awarded by the Court; and

(j) any and all other matters concerning the prosecution or resolution of the actions.

6. The Executive Committee, in consultation with and at the direction of Co-Lead Counsel, will have significant and meaningful participation in the prosecution of this action. Such participation will include being assigned to specific tasks or subcommittee responsibilities, as well as the commitment to fund the litigation pursuant to assessments by Co-Lead Counsel as necessary for the successful and efficient prosecution of the litigation.

7. All Plaintiffs' counsel in the class actions must keep contemporaneous time and expense records and submit them periodically to Interim Co-Lead Counsel or their designee.

**IT IS SO ORDERED**

Dated: April 19, 2022

_____

The Honorable Harry D. Leinenweber