**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANGELA HOGAN and B.H., a minor, by and through his guardian ANGELA HOGAN, individually and on behalf of all others similarly situated, | |
| *Plaintiffs*, | Case No. 1:21-cv-03169 |
| v. | Honorable John J. Tharp, Jr. |
| AMAZON.COM, INC., | |
| *Defendant*. | |

**DEFENDANT AMAZON.COM, INC.'S MOTION TO STAY OR DENY WITHOUT
PREJUDICE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Defendant Amazon.com, Inc. ("Amazon") objects to Plaintiffs' pending Motion for Summary Judgment, ECF 186 (the "Motion"), on the grounds that it is premature and precluded by the one-way intervention rule, which prohibits a ruling on the merits of putative class members' claims before a class has been certified, notice has been provided to class members, and they have been given an opportunity to opt-out. Amazon respectfully requests that the Court stay the motion or deny it without prejudice to re-filing it after class certification has been resolved.

Plaintiffs' Motion requests judgment in favor of not only themselves, but also a determination on liability and damages for both "Plaintiffs and Class Members" (ECF 186; *see also* ECF 187), even though Plaintiffs' Motion for Class Certification (ECF 127) remains pending. The Motion reads as if Plaintiffs' class certification motion was granted. But certification has not been granted and should not be granted for the many reasons set forth in Amazon's opposition briefs. *See* ECF 141 & 171. Nevertheless, Plaintiffs' Motion requests a merits ruling for absent putative class members before they would be bound by any adverse judgment. This violates a fundamental tenet of class actions, known as the one-way intervention rule. That rule prohibits a ruling on the merits of putative class members' claims before a class has been certified, notice has been provided to class members, and they have been provided an opportunity to opt-out. Otherwise, absent class members could wait-and-see whether they will get a favorable ruling before deciding to be bound by the Court's judgment, which would unfairly prejudice defendants and violate their due process rights. Additionally, as described in Amazon's Notice of Supplemental Authority, Plaintiffs' filing of a summary judgment motion before this Court resolves their pending class certification motion demonstrates that Plaintiffs are inadequate class representatives. The Court should not permit Plaintiffs to violate the one-way intervention rule.

1

Amazon requests that the Court stay Plaintiffs' Motion and extend the deadline for Amazon's opposition until after Plaintiffs' pending class certification motion has been decided and, if a class is certified, notice has been provided to class members and they have decided whether to participate in the class action or opt-out. This would effectuate the purposes of the one-way intervention rule, while also promoting efficient use of the parties'—and the Court's—time and resources. Alternatively, Amazon requests that the Court deny Plaintiffs' Motion without prejudice, allowing it to be re-filed after certification issues have been fully resolved, as courts routinely do in these circumstances. No matter which procedural mechanism, the rule against one-way intervention should be enforced.

## II. PLAINTIFFS' MOTION SHOULD BE STAYED OR DENIED WITHOUT PREJUDICE, UNTIL AFTER CLASS CERTIFICATION IS RESOLVED.

### A. Plaintiffs' Motion Violates the One-Way Intervention Rule.

The Seventh Circuit has long held that Rule 23 requires a decision on class certification before the court rules on a merits motion by the plaintiff. *See Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 353 (7th Cir. 1975).[1] The one-way intervention rule exists because it is "unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974)). If an individual plaintiff were to secure a favorable ruling on the merits before certification—and the

---

[1] In 1966, Rule 23 was amended to prevent one-way intervention by requiring a class certification decision "as soon as practicable." Rule 23 was amended in 2003 to state that the decision will be made "at an early practicable time." The 2003 amendment recognized that time may be needed to gather information to make the certification decision, and that "[t]he party *opposing* the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Fed. R. Civ. P. 23 Advisory Committee's Note to 2003 amendment (emphasis added). The Advisory Committee's Note "makes clear that the purpose of the 2003 Amendments was not to restore the practice of one-way intervention that was rejected by the 1966 revision." *Spring House Tavern, Inc. v. Am. Fire & Cas. Co.*, 337 F.R.D. 371, 374 (E.D. Pa. 2020) (citation and internal quotations omitted). "Rule 23 still disfavor[s] one-way intervention." *Id.* (citation and internal quotations omitted).

corresponding notice and opportunity to opt out—then class members would be "incentivized to remain in the lawsuit to take advantage of the favorable ruling." *Id.* On the other hand, if an individual plaintiff got an unfavorable merits ruling prior to certification, class members would be "incentivized to opt out of the class to avoid application of the unfavorable ruling." *Id.* Such a scenario in which class members wait to decide whether to be bound by a judgment depending on whether it is favorable or unfavorable is "strikingly unfair" to the defendant. *Id.*

The one-way intervention rule prevents a defendant from being vulnerable, as the Seventh Circuit has vividly analogized it, to "being pecked to death by ducks." *Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 363 (7th Cir. 1987). "One plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success." *Id.* "This sort of sequence, too, would waste resources; it also could make the minority (and therefore presumptively inaccurate) result the binding one." *Id.*

In contrast, a defendant is allowed to move for summary judgment on ***individual plaintiffs'*** claims before a ruling on class certification (as Amazon did here), and, indeed, the Seventh Circuit has "looked upon such a procedure favorably." *Costello*, 810 F.3d at 1057 n.3. This does not violate the one-way intervention rule because any ruling would only apply to the named plaintiffs individually—not to absent class members. *See id.*; *see also Wilkes v. CareSource Indiana, Inc.*, 2018 WL 703957, at *2 (N.D. Ind. Feb. 2, 2018) (rejecting argument in putative class action that it is unfair to allow defendants to request summary judgment when plaintiffs are precluded from doing so by the rule against one-way intervention).

Here, Plaintiffs' Motion violates the rule against one-way intervention. The Motion seeks a determination on liability and damages for the currently uncertified "User Class" and "Non-User

3

Class" (ECF 186), even though Plaintiffs' Motion for Class Certification (ECF 127) remains pending. Plaintiffs' Motion thus presents the classic problem of one-way intervention: a defense ruling on Plaintiffs' Motion would not bind putative class members, but a ruling in favor of Plaintiffs would bind Amazon.

Plaintiffs should not be permitted to secure a ruling on their Motion before class certification merely because the operative case schedule order included a deadline "for Parties to file dispositive (summary judgment) and Daubert motions." *See* ECF 147 & 148. While Plaintiffs could elect to file a motion for summary judgment as to their individual claims if they do not seek class certification, the one-way intervention rule precludes Plaintiffs from seeking judgment on the merits with no class certification, no class notice, and no opportunity for class members to opt out. To the extent Plaintiffs believed they were required to file a summary judgment motion on behalf of absent class members pursuant to the scheduling order, then Plaintiffs should have requested clarification or modification of the order (especially given that such an interpretation would be contrary to well-established law, discussed above). Plaintiffs failed to do so.

### B. Plaintiffs' Motion Should Be Stayed or Denied Without Prejudice.

Courts stay briefing and any hearing on putative class representatives' summary judgment motions until after class certification has been resolved. *See, e.g.*, *Poe v. Nw. Mut. Life Ins. Co.*, 2023 WL 4695898 (C.D. Cal. July 11, 2023) (granting defendant's motion to adjourn briefing schedule and hearing on summary judgment motion based on one-way intervention rule); *Hossfeld v. Allstate Ins. Co.*, 2024 WL 325337, at *2 (N.D. Ill. Jan. 29, 2024) (deferring consideration of summary judgment motion based on one-way intervention concerns); *see also Alhassid v. Bank of Am., N.A.*, 2015 WL 11216720, at *2 (S.D. Fla. May 29, 2015) (applying rule against one-way intervention, taking plaintiff's summary judgment motion off calendar and extending opposition deadline until after class certification resolved).

To the same result, courts applying the one-way intervention rule deny without prejudice plaintiffs' summary judgment motions before class certification is decided. *See, e.g.*, *Koehler v. USAA Cas. Ins. Co.*, 2019 WL 4447623, at *3 (E.D. Pa. Sept. 17, 2019) (denying plaintiff's summary judgment motion without prejudice—before defendant was required to respond—based on one way intervention rule); *Windber Hosp. v. Travelers Prop. Cas. Co. of Am.*, 2020 WL 4012095, at *1 (W.D. Pa. July 14, 2020) (denying plaintiff's summary judgment motion without prejudice due to the rule against one-way intervention); *Nia v. Bank of Am., N.A.*, 725 F. Supp. 3d 1150, 1169 (S.D. Cal. 2024) (same); *Henry v. Cent. Freight Lines, Inc.*, 2019 WL 2465330, at *4 (E.D. Cal. June 13, 2019) (same); *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 369 (D. Minn. 2013) (same); *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1096 (N.D. Cal. 2019) (same); *Charlessaint v. Persion Acceptance Corp.*, 110 F. Supp. 3d 303, 310 (D. Mass. 2015) (same); *see also Shane v. Nw. Indus., Inc.*, 49 F.R.D. 46, 47 (N.D. Ill. 1970) (granting defendant's motion to strike plaintiff's summary judgment motion based on the one-way intervention rule).

Consistent with the authority above, this Court should stay the deadline for Amazon to oppose the Motion until after a decision on Plaintiffs' class certification motion and, if class certification is granted, until after providing notice to the putative class and allowing them an opportunity to opt out. Alternatively, the Court should deny Plaintiffs' Motion without prejudice, allowing it to be re-filed after Plaintiffs' pending motion for class certification is resolved.

To promote efficiency and avoid waste, Amazon should not be required to file its opposition to the Motion now because a ruling on class certification may resolve or narrow the issues before the Court. For example, the Court may deny class certification altogether because class litigation here would be unmanageable to the extreme, or the Court may deny certification of

5

the "Non-User" class because identifying its members is impossible. *See* ECF 141 at 9-10; *see also* ECF 171 at 3 (explaining why plaintiffs' proposed methods for identifying class members are speculative, impracticable, and likely illegal). There is no reason for the parties to spend substantial resources briefing and submitting voluminous evidence now on what could (and Amazon submits should) be moot issues once the court rules on class certification. Instead, Amazon's deadline to file an opposition to the Motion should be stayed until after the Court adjudicates class certification and class members make their decision to participate in the class or opt-out. That way, Amazon's opposition and supporting evidence—as well as any reply by Plaintiffs—can and will be focused on only "live" issues. This will also conserve the Court's resources as it will not need to wade through pages of potentially unnecessary briefing and voluminous evidence to attempt to segregate briefing on moot issues from live issues. Thus, staying further briefing on the Motion will conserve party and judicial resources. Further, it will not be prejudicial to Plaintiffs; if anything, they will benefit by avoiding prematurely addressing potentially moot issues on reply.

Additionally, it would be unfair and prejudicial to require Amazon to file its opposition and preview arguments for the putative class members sitting on the sideline. Putative class members should not be unfairly advantaged by reviewing merits briefing before they have committed to be a part of the class. *C.f.*, *Am. Pipe*, 414 U.S. at 547 (explaining that an early ruling on class certification prevents the unfairness to a defendant that would otherwise result if putative class members could await "developments," such as whether the trial evidence makes their position "appear weak," or even final judgment on the merits in order to determine whether participation in the class would be favorable to their interests).

**C.**     **Plaintiffs' Motion Shows They Are Inadequate Class Representatives.**

The Seventh Circuit has held that named plaintiffs who move for summary judgment before notice has been provided to the class, thereby "rais[ing] the specter that the class would have to be

decertified pursuant to the rule of one-way intervention," are inadequate class representatives. *See Stampley v. Altom Transp., Inc.*, 958 F.3d 580, 585 (7th Cir. 2020). In so holding, the Seventh Circuit cited to its earlier decision in which it "urge[d] plaintiffs to exercise caution when seeking a ruling on the merits of an individual plaintiff's claim before the district court has ruled on class certification and given notice of the ruling to absent class members." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016). Here, Plaintiffs are proposed class representatives who are supposed to be protecting the interests of class members. *See, e.g.*, *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). By moving for summary judgment while their motion for class certification is pending and without alerting this Court of the need to defer ruling on the merits until after class certification has been decided, Plaintiffs have set upon a course potentially precluding class certification. *See, e.g.*, *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir. 1975) (finding that plaintiffs "effectively precluded any class certification" in the case by "affirmatively [seeking] resolution on the merits prior to certification in the face of objections by the defendants"). As described in Amazon's Notice of Supplemental Authority, such actions are contrary to the interests of the class members, rendering Plaintiffs inadequate class representatives.

## III. CONCLUSION

Amazon respectfully requests that the Court stay or deny without prejudice Plaintiffs' Motion for Summary Judgment until after class certification is resolved. No matter which procedural mechanism, the rule against one-way intervention should be enforced. Amazon objects to Plaintiffs' Motion proceeding before class certification, class notice and class members' decisions whether to opt-out.

| | |
|---|---|
| Date: December 3, 2024 | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>*/s/ Elizabeth B. Herrington*<br>Elizabeth B. Herrington<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606-1511<br>T: (312) 324-1445<br>F: (312) 324-1001<br>beth.herrington@morganlewis.com<br><br>J. Warren Rissier (*pro hac vice*)<br>300 South Grand Avenue, Twenty-Second Floor<br>Los Angeles, CA 90071-3132<br>T: (213) 680-6860<br>F: (213) 612-2501<br>warren.rissier@morganlewis.com<br><br>*Counsel for Defendant Amazon.com, Inc.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on December 3, 2024, I caused a copy of the foregoing ***Defendant Amazon.com, Inc.'s Motion to Strike, Deny Without Prejudice, or Stay Plaintiffs' Motion for Summary Judgment*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

                                              */s/ Elizabeth B. Herrington*
                                              *Attorney for Defendant*