IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Angela Hogan and B.H., a minor, by and through his guardian ad litem, Angela Hogan, *Plaintiffs*, v. Amazon.com, Inc., *Defendant*. | Case No. 1:21-cv-03169 Hon. John J. Tharp, Jr., U.S.D.J. |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

*Gunderson* is the subject of a pending Rule 23(f) petition, but it supports denial of class certification here for three primary reasons:

**First**, *Gunderson* held that common law defenses like waiver, ratification and estoppel can render a plaintiff an atypical and inadequate representative. Op. 12–13. Indeed, *Gunderson* rejected a named plaintiff as atypical and inadequate because he manufactured litigation claims by purposefully subjecting himself to capture of his alleged biometrics after joining the lawsuit. *Id.* 14. Similarly, Hogan is atypical and inadequate because she enabled image recognition after responding to her attorneys' Facebook ad for this case, and continued to subject herself to new alleged biometric information captures nearly daily. Amazon Br. 7–8, 29. Two different named plaintiffs were not subject to the same defenses because their alleged biometrics were captured before they were plaintiffs. Op. 14–15.

**Second**, *Gunderson* held the "presence of arguable defenses … have a likelihood of … predominat[ing] over common issues." *Id*. 34–35. Yet the court disregarded the predominance problem when one plaintiff was subject to such defenses while two others were not. *Id.* That was

error. If anything, such disparate outcomes based on affirmative defenses confirms individualized inquiries predominate. Similarly, *Gunderson*'s conclusion that individualized questions about what class members knew when creating Alexa Voice IDs—and whether they consented or are subject to defenses—would not predominate, cannot be reconciled with the court's conclusions about adequacy and typicality of the named plaintiffs.

***Finally***, *Gunderson* did not hold that "whether the information Amazon collected was biometric information is ***a merits issue, not a class issue***." Op. at 2 (emphasis added). *Gunderson* refused to consider predominance problems posed by adjudicating whether data for each class member qualifies as a "biometric identifier" under BIPA because it is ***a class issue that overlaps with merits***—what the court called a "merit-based" predominance argument. *Id*. 29. That again was error. Class and merits issues often overlap, but that is no excuse for "a district court to skip over an issue critical to certification." *Arandell Corp. v. Xcel Energy Inc.*, 149 F.4th 883, 892 (7th Cir. 2025).

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: November 26, 2025

*s/ Elizabeth B. Herrington*
Elizabeth B. Herrington
Alborz Hassani
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
alborz.hassani@morganlewis.com

2

J. Warren Rissier (*pro hac vice*)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
T: (213) 680-6860
F: (213) 612-2501
warren.rissier@morganlewis.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I, Elizabeth B. Herrington, an attorney, certify that on November 26, 2025, I caused a copy of the foregoing document to be served upon all counsel of record for all parties that have appeared via the Court's CM/ECF system.

By: */s/ Elizabeth B. Herrington*
Elizabeth B. Herrington