IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA HOGAN and B.H., a minor, by and through his guardian ANGELA HOGAN, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>               Defendant. | Case No. 21-cv-3169<br><br>Honorable John J. Tharp, Jr. |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On June 5, 2026, Judge Rosenstengel of the United States District Court for the Southern District of Illinois issued an opinion in *Doe v. Apple Inc.*, No. 3:20-CV-421-NJR (S.D. Ill. June 5, 2026) ("*Apple*") granting the plaintiffs' class-certification motion in an Illinois Biometric Information Protection Act action similar to the instant case. *Apple*, attached here as **Exhibit A**, supports Plaintiffs' position that the Court should grant Plaintiffs' Motion for Class Certification, Dkt. No. 127, and reject Defendants' arguments to the contrary.

Specifically, the *Apple* Court ruled: (a) that "[t]he Seventh Circuit has not decided whether common law defenses such as consent, waiver, and failure to mitigate even apply to BIPA claims" and even if they do, these are "questions [that] can be answered on a classwide basis using common proof," Ex. A, *Apple* at 9–10, 24; *see* Dkt. No. 155, Reply in Supp. of Pls.' Mot. for Class Certification at 20–24 ("Pls.' Reply"); (b) that even if individualized questions exist regarding the putative class members' location when the

BIPA violation occurred, "not all elements of liability must be resolved on a classwide basis to satisfy Rule 23" and that the potential "extraterritoriality" of class member's use of the technology is something that Defendants can challenge at the damages stage and is not an issue that predominates, Ex. A, *Apple* at 21–24; *see* Pls.' Reply at 7–11; and (c) that a combination of the defendant's data and user declarations can be used to identify class members, *Apple* at 25–26; *see* Pls.' Reply at 11–14.

Additionally, *Apple* cites and accords with both *Svoboda v. Amazon.com Inc.*, 168 F.4th 956 (7th Cir. 2026), and *Gunderson v. Amazon.com, Inc.*, 350 F.R.D. 376 (N.D. Ill. 2025), decisions that Plaintiffs have submitted to the Court with previous notices of supplemental authority. *See* Dkt. Nos. 271, 275 & 277. As such, the district court's ruling in *Apple* further bolsters Plaintiffs' arguments in support of their motion for class certification.

Dated: June 9, 2026

Respectfully submitted,

/s/ *Justin N. Boley*
Kenneth A. Wexler
Justin N. Boley
Zoran Tasić
Margaret Shadid
WEXLER BOLEY & ELGERSMA LLP
311 S. Wacker Drive, Suite 5450
Chicago, IL 60606
Tel: (312) 346-2222
kaw@wbe-llp.com
jnb@wbe-llp.com
zt@wbe-llp.com
ms@wbe-llp.com

Daniel E. Gustafson
Karla M. Gluek
David A. Goodwin
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844

dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
dgoodwin@gustafsongluek.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
STEPHAN ZOURAS, LLP
222 W. Adams St., Suite 2020
Chicago, Illinois 60606
Tel: (312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

Dean Kawamoto
Derek Loeser
Gretchen Freeman Cappio
Felicia Craick
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
dkawamoto@kellerrohrback.com
dloeser@kellerrohrback.com
gcappio@kellerrohrback.com
fcraick@kellerrohrback.com

Christopher L. Springer
KELLER ROHRBACK, L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel: (805) 456-1496
cspringer@kellerrohrback.com

Kevin Landau
Archana Tamoshunas
TAUS, CEBULASH & LANDAU, LLP
123 William St., Ste. 1900A
New York, NY 10038
Tel: (212) 931-0704
klandau@tcllaw.com
atamoshunas@tcllaw.com

*Attorneys for Plaintiffs and
the Proposed Class*